# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MUSLIMAH CLARK #922283  
Plaintiff

v     Civil Action No. ELH-12-3821

DEPARTMENT OF CORRECTIONS  
SHERRELL CARVER  
TONEICE LIGHTNER  
Defendants

**MEMORANDUM**

On December 28, 2012, plaintiff Muslimah Clark, a Maryland Division of Correction ("DOC") prisoner confined at Maryland Correctional Institution for Women in Jessup ("MCI-W"), filed a civil rights action, later amended, seeking money damages and imposition of an "appropriate penalty" against the DOC and two correctional officers. ECF 1, p. 4 and ECF 17, ¶ 4. Plaintiff alleges that defendants failed to protect her from harm by allowing her to be brutally beaten on November 29, 2010, and March 31, 2011, by her "known enemies." ECF 1, p. 5 and ECF 4.

Defendants have filed a motion to dismiss or, alternatively, for summary judgment, ECF 12, supported by a memorandum and exhibits. Plaintiff requested and received additional time in which to oppose the dispositive motion (ECF 15 and 16), but has failed to do so. Instead, plaintiff seeks reconsideration of the previous Order denying appointment of counsel. *See* ECF No. 9, 14, 17. For reasons apparent herein, plaintiff's request for reconsideration shall be denied, without prejudice; defendants' motion shall be granted in part and denied in part; and defendants shall be required to provide supplemental briefing in support of their motion.

**Standard of Review**

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dept., Inc. v. Montgomery County*, 788 F. Supp. 2d 431, 436-37 (D. Md. 2011).

Ordinarily, a court "is not to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U. S. Airways*, 510 F.3d 442, 450 (4th Circuit 2007). However, under Rule 12(b)(6), a court, in its discretion, may consider matters outside of the pleadings, pursuant to Rule 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). When the movant expressly captions its motion "in the alternative" as one for summary judgment, and submits matters outside the pleadings for the court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the court "does not have an obligation to notify parties of the obvious." *Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998).[1]

---

[1] In contrast, a court may not convert a motion to dismiss to one for summary judgment *sua sponte*, unless it gives notice to the parties that it will do so. *See Laughlin*, 149 F.3d at 261 (stating that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)); *Finley Lines Joint Protective Bd. Unit 200 v. Norfolk So. Corp.*, 109 F.3d 993, 997 (4th Cir. 1997) ("[A] Rule 12(b)(6) motion to dismiss supported by extraneous materials cannot be regarded as one for summary judgment until the district court acts to convert the motion by indicating that it will not exclude from its consideration of the motion the supporting extraneous materials.").

A district judge has "complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." 5C WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 1366, at 159 (3d ed. 2004, 2011 Supp.). This discretion "should be exercised with great caution and attention to the parties' procedural rights." *Id.* at 149. In general, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165-67.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont de Nemours v. Kolon Indus., Inc.*, 637 F.3d 435, 448-49 (4th Cir. 2011). However, "the party opposing summary judgment 'cannot complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery.'" *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). To raise adequately the issue that discovery is needed, the non-movant typically must file an affidavit or declaration pursuant to Rule 56(d) (formerly Rule 56(f)), explaining why, "for specified reasons, it cannot present facts essential to justify its opposition," without needed discovery. Fed. R. Civ. P. 56(d); *see Harrods*, 302 F.3d at 244-45 (discussing affidavit requirement of former Rule 56(f)). Plaintiff has not filed an affidavit under Rule 56(d). Moreover, I am satisfied that it is appropriate to address the defendants' motion as one for summary judgment.

Summary judgment is governed by Fed. R. Civ. P. 56(a) which provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion. "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 644-45 (4th Cir. 2002). Moreover, because plaintiff is self-represented, his submissions are liberally sonstrued. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007). Nevertheless, the court must also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Discussion

In order to prevail on an Eighth Amendment claim of failure to protect from violence, plaintiff must establish that defendants exhibited deliberate or callous indifference to a specific known risk of harm. *See Pressly v. Hutto*, 816 F. 2d 977, 979 (4th Cir. 1987). The Supreme Court has said:

> Prison conditions may be "restrictive and even harsh," but gratuitously allowing the beating or rape of one prisoner by another serves no "legitimate penologicial objective," any more than it squares with "'evolving standards of decency.'" Being violently assaulted in prison is simply not "part of the penalty that criminal offenders pay for their offenses against society."

*Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994) (citations omitted). However, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Rich v. Bruce*, 129 F. 3d 336, 339-40 (4th Cir. 1997); *see also Parrish ex rel. Lee v. Cleveland,* 372 F.3d 294, 303 (4th Cir. 2004); *Young v. City of Mount Ranier,* 238 F.3d 507, 575-76 (4th Cir. 2001).

Defendants have provided documentation concerning an attack on plaintiff on November 29, 2010, while she was escorted by correctional officers, committed by prisoners Christine Brown and Sirlilar Stokes. ECF No. 12, Ex., 1, pp. 11, 14, 19, 31, 38-39. Nearly four months later, on March 31, 2011, while plaintiff was again under escort to her cell, Stokes ran out of her cell and struck plaintiff with a closed fist. *Id.,* p. 58. Defendants contend that these were isolated

events, and they had no prior knowledge of a specific threat to plaintiff's safety by Brown and Stokes.² ECF No. 12, p. 7.

Correspondence and records attached to plaintiff's complaint suggest, however, that plaintiff and Brown were involved in at least one altercation prior to November 29, 2010, but Brown was not added to plaintiff's "enemies list." Stokes was not added to plaintiff's enemies list until June 9, 2011. ECF 1, Exhibit 1, p. 1. The correspondence suggests that plaintiff may have declined offers of assignment to protective custody prior to the events of November 29, 2010. *Id.* That such offers were made, however, strongly suggests that corrections personnel knew of a substantial risk of serious harm with regard to plaintiff's safety from her peers. Until sufficient records are produced and explained with respect to the history of plaintiff's concerns with fellow prisoners prior to November 29, 2010, including any altercations, as well as records regarding DOC's response(s) to any such matters, this court will not entertain the entry of judgment in defendants' favor on plaintiff's Eighth Amendment claim against defendants Carver and Lightner.

However, defendants are entitled to prevail on their claim that the DOC is not a proper party to this action. The Eleventh Amendment immunizes the State, its agencies, and state officials sued in their official capacities from suit in federal court unless the State has waived that immunity or Congress has exercised its power to abrogate the State's immunity.³ *See Pennhurst*

---

² Defendants also argue that plaintiff did not suffer serious harm as a result of these assaults. This argument flies in the face of reason, given that plaintiff was transported to an outside hospital for treatment of a deep scalp laceration following the incident on November 29, 2010.

³ The Eleventh Amendment bars suit against the State for monetary relief as well as prospective injunctive or declaratory relief. *See Cory v. White,* 457 U.S. 85, 91 (1982); *Alabama v. Pugh,* 438 U.S. 781 (1978); *see also Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139 (1993).

*State School & Hosp. v. Halderman,* 465 U.S. 89, 98 (1984); *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974). Maryland has not waived the DOC's immunity before this court, and the DOC is therefore entitled to dismissal.

For these reasons, defendants' motion to dismiss or, in the alternative, for summary judgment (ECF 12) is granted with regard to defendant Department of Corrections but otherwise denied, without prejudice, subject to the right to renew and supplement the motion, as set forth herein.

Plaintiff's motion for reconsideration concerning appointment of counsel (ECF 17) is denied, without prejudice. The court shall reconsider whether counsel shall be appointed after receipt and consideration of defendants' supplemental motion.

A separate Order follows.

February 10, 2014                      ___/s/_____
Date                                    Ellen Lipton Hollander
                                               United States District Judge